BIBLE, Respondent, vs. FISHER, imp., Appellant.

*March 9—April 5, 1927.*

*Vendor and purchaser: Note taken as down payment: Surrender of premises by vendee: Recovery on note: Rights of sureties against principal.*

1. In an action on a promissory note against the maker and guar-antors, the evidence is *held* to show that the note was taken as part of a down payment on a land contract and not as part of the unpaid purchase price; and the vendor could therefore recover on the note even though he had taken back the land. p. 547.
2. Where the surety on a note pays a judgment against both prin-cipal and surety, he may be subrogated to the rights of the payee against the principal.  p. 548.

APPEAL from a judgment of the county court of Richland county: P. L. LINCOLN, Judge.  *Affirmed.*

This is an appeal from a judgment in favor of the plaint-iff and against the defendants Jacob Webb and *Lee Fisher.* The action was begun in the county court on a promissory note given to the plaintiff, *Bible,* and executed by Jacob Webb, with a guaranty of payment thereof on the back of the note signed by *Lee Fisher* and George Fisher.  George Fisher was not served and the action proceeded to judgment against the other two defendants.  The trial court made de-tailed findings of fact in favor of the plaintiff on all issues, which need not be here recited at length.

*James H. Hill* of Baraboo, for the appellant.

For the respondent there was a brief by *Brindley & Brewer* of Richland Center, attorneys, and *Richmond, Jack-man, Wilkie & Toebaas* of Madison, of counsel, and oral argument by *Harold M. Wilkie* and *F. L. Brewer.*

CROWNHART, J.  The facts as found by the county court were substantially as follows: Jacob Webb owned a farm in Richland county which *Lee Fisher* and George Fisher, acting

as real-estate brokers, sold for him, whereby he received the net amount of $5,000. The Fishers, acting for Webb as his brokers, then sought to make a deal with *Bible* for the purchase of *Bible's* farm and personal property of the aggregate value of $35,000. *Bible* demanded $8,000 cash payment, the balance of the purchase price to be secured on the property sold. Webb did not have the $8,000, and the Fishers, evidently anxious to close the deal and secure their commission, notified *Bible* that they would advance the $3,000 to make up the cash payment required. When the day arrived for closing the deal the Fishers had not raised the $3,000, and they requested *Bible* to accept Webb's note with their indorsement and guaranty for $3,000 as cash, and *Bible* agreed to do so. The deal was closed on the basis of personal property of the value of $5,000, and $2,000 was credited thereon and a chattel mortgage for the balance of the purchase price of such property was taken by *Bible* from Webb as security; $6,000 was credited on the purchase price of the real estate, and a land contract was given by *Bible* to Webb, *Bible* agreeing to convey title on payment of the amount of $24,000. It will be seen that the $3,000 note of Webb to *Bible,* guaranteed by the Fishers, was treated as cash in the deal, and the court found that was the intention of the parties. The property was purchased by Webb at the peak price of the real-estate boom following the war, and within a year or so after the purchase Webb realized that he could not pay for the property and offered to return it, with the result that *Bible* accepted the conveyances of the real estate and personal property back to him and released Webb from any further payments thereon, but at the same time he notified Webb that he held Webb and the Fishers liable on the $3,000 note and expected payment thereof. Thereafter this action was begun to enforce such payment.

It is the contention of the appellant, *Lee Fisher,* that the respondent, *Bible,* elected to treat the note as part of the

unpaid purchase price of the farm when he demanded a bill of sale for the personal property; when he demanded the surrender of the unrecorded land contract; when he demanded and received a quitclaim deed of the premises; when he invoked the forfeiture clause of the contract and retained the $5,000 which Webb had paid him; when he thereafter leased the farm and personal property to Webb for a year, and later paid Webb $348 due on the purchase of some property instead of applying that amount on the note.

These contentions ignore the findings of the court, based upon ample evidence, that Webb voluntarily surrendered the farm and personal property knowing that *Bible* demanded payment of the note which he retained; that Webb consented to the forfeiture of the payments made by him; and that the $348 was paid Webb for exempt property upon which *Bible* had no claim.

The case really turns on questions of fact, whether or not the parties, by the Fishers guaranteeing Webb's note for $3,000, intended that said note should be considered as cash and as part of the down payment to be made by Webb. The circumstances of the transaction would indicate that that was their understanding. They knew that respondent accepted said note and gave credit on the deal in the same manner as in the $5,000 cash payment. The respondent did not include this deferred payment in the chattel mortgage which he took back as security as part of the purchase price of the personal property, nor was it included in the land contract. There is direct testimony on the part of the respondent, which is substantially admitted by Webb and testified to by Collins, cashier of the bank, who drew up the contracts, to the same effect. Certainly there was sufficient testimony upon which the trial court could find as a fact that such was the intention of all the parties to the transaction.

The appellant invokes the rule that the release of a principal on a negotiable instrument releases the surety. But the

court finds that the principal on the note was not released. Judgment was entered in favor of the respondent against both the principal and *Lee Fisher,* a surety. The principal has not appealed. When the appellant surety pays the judgment he may be subrogated to the rights of the respondent against the principal. The rights of the surety are fully protected.

*By the Court.*—The judgment of the county court is affirmed.